IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WASEEM DAKER, : <br> : <br> Petitioner : <br> : <br> VS. : <br> : CIVIL ACTION NO: 5:12-CV-461 (CAR) <br> CARL HUMPHREY, Warden, : <br> : <br> Respondent : <br> _____ : | |

## ORDER

Petitioner, **WASEEM DAKER**, a prisoner in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a 28 U.S.C. § 2241 petition in this Court.[1] He also filed a motion to proceed *in forma pauperis*, and for purposes of this dismissal alone, his motion is **GRANTED**.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4")[2] provides in relevant part:

> The original [habeas corpus] petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. **If it plainly**

---

[1] Daker also has five 28 U.S.C. § 2241 cases pending in the United States District Court for the Northern District of Georgia. *See Daker v. Warren*, 1:11-CV-1711-RWS; *Daker v. Warren*, 1:11-CV-3580-RWS; *Daker v. Warren*, 1:12-CV-1141-RWS; *Daker v. Unnamed Respondent*, 1:12-CV-1319-RWS; and *Daker v. Warren*, 1:12-CV-2605-RWS. The United States Magistrate Judge has recommended that all five of these § 2241 cases be dismissed. On November 21, 2012, Daker was granted an extension to respond to the Report and Recommendation. As of November 10, 2012, no response is shown and these § 2241 cases remain pending.

[2] Rule 4 may, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, be applied to cases brought pursuant to 28 U.S.C. § 2241. Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition "plainly reveals that relief is not warranted." *Ugwu v. Holder*, No. 1:10-CV-03152, 2010 U.S. Dist. LEXIS 137438 at *1-2 (N. D. Ga. Nov. 29, 2010).

> **appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge <u>shall</u> make an order for its summary dismissal and cause the petitioner to be notified.** (emphasis added)

Upon initial review of the petition filed herein, it clearly appears from the face of the petition that Daker "is not entitled to relief in the district court." *Id*.

Daker explains that he was arrested on January 15, 2010 and was indicted in Cobb County, Georgia on April 1, 2010 for malice murder, felony murder, burglary, false imprisonment, aggravated assault, aggravated battery, and criminal attempt to commit aggravated stalking. Daker states that all of the crimes "are alleged to have occurred on October 23, 1995." (Doc. 1 at 2). Daker acknowledges that he was convicted on all counts following a jury trial, but neglects to tell the Court when this conviction occurred. However, court records from the United States District Court for the Northern District of Georgia, as well as news reports from the Atlanta Journal-Constitution, show that Daker was convicted in the Cobb County Superior Court on September 27, 2012 and sentenced on October 1, 2012. *See Daker v. Warren*, 1:12-CV-1141-RWS at Doc. 13, p. 2; *see also* http://www.ajc.com/news/news/crime-law/daker-sentenced-to-life-plus-47-years-in-flight-at/nSQpj/.

Daker is not a pretrial detainee and is not challenging the execution of his sentence. He is "in custody pursuant to the judgment of a State court" and, therefore, must challenge his conviction or sentence under 28 U.S.C. § 2254. Additionally, it is the long-standing policy and practice of the United States District Courts for the Middle, Northern, and Southern Districts of Georgia to cause all such petitions to be filed in, or transferred to, the district within which the state prisoner was convicted. In this case, Daker was convicted in Cobb County, which is in the Northern District of Georgia. Therefore, any 28 U.S.C. § 2254 action should be filed in that district, not the Middle District.[3]

---

[3]This Court will not construe Daker's § 2241 petition as a § 2254 petition and transfer it to the United States District Court for the Northern District of Georgia. While 28 U.S.C. § 2241(d) permits

The Court also notes that several grounds for relief Daker asserts are actually complaints regarding the conditions of confinement at the Georgia Diagnostic and Classification Prison and, as such, should be brought under 42 U.S.C. § 1983.  For example, Dakar's claim that he is "being denied all access to a law library, statutes, case law reporters, and other research materials" must be raised in a civil rights complaint under § 1983.  (Doc. 1 at 4).  Dakar is apparently aware of this because he has raised this same allegation in a 42 U.S.C. § 1983 complaint that he filed in this Court on November 20, 2012.  *See Daker v. Owens*, 5:12-CV-459 (CAR) at Doc. 1-1, p. 6-8.

Based on the above, Daker's 42 U.S.C. § 2241 petition is **DISMISSED** without prejudice. Dakar may raise these claims in a properly filed 28 U.S.C. § 2254 petition or, in relation to the claims dealing with conditions of confinement, in a complaint brought under 42 U.S.C. § 1983.[4]

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant."  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1).  To merit a COA, a petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise.  28 U.S.C. § 2253(c)(2); **Slack v. McDaniel**, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Daker has not made such a showing.  Therefore any application for a certificate of appealability that is filed, is **DENIED.**

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.  Any motion to proceed *in forma pauperis* on appeal that is filed, is **DENIED**.

---

discretionary transfers to the appropriate district, it would not be "in furtherance of justice" to transfer Daker's petition to the Northern District.  *See also* 28 U.S.C. § 1406(a) (transfer appropriate only if it is "in the interest of justice").  As stated above, Daker already has five § 2241 petitions pending in the Northern District of Georgia.  Also, it is obvious that Daker has not exhausted his state remedies as he was just convicted in September 2012 and sentenced in October 2012.

[4]Daker's Motion to Expand Record and for Respondent to File Relevant Transcripts is **DENIED** as moot.

**SO ORDERED**, this 11th day of December, 2012.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

lnb