IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO: 5:12-CV-461 (CAR) |
| CARL HUMPHREY, Warden, | : | |
| | : | |
| Respondent | : | |
| | : | |

## ORDER

On December 11, 2012, the Court dismissed without prejudice Petitioner's 28 U.S.C. § 2241 petition.   The Court found, and Petitioner does not dispute, that he is not a pretrial detainee; he is a convicted prisoner who was convicted in the Cobb County Superior Court on September 27, 2012 and sentenced on October 1, 2012.  (Doc. 6 at 2).  The Court found that Petitioner is not challenging the execution of his sentence.  (Doc. 6 at 2-3).  Instead, he is challenging his state court conviction and raising additional issues that must be addressed in a 42 U.S.C. § 1983 action. (Doc. 6 at 2-3).  The Court determined that it would not be in the interest of justice to construe Petitioner's 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2254 petition and transfer the action to the Northern District of Georgia because Petitioner already has five habeas corpus actions pending in that court and it is apparent that he has not exhausted his state remedies.   (Doc. 6 at 2-3).

Petitioner has now filed two motions.   First, he filed a "Motion to File Rule 59(e) Motion Pursuant to 'Prison Mailbox' Rule," in which he states that he delivered to prison officials a Fed. R. Civ. P. 59(e) Motion on January 7, 2013, in which he asked the Court to alter or amend its December 11, 2012 dismissal without prejudice.  (Doc. 10 at 1).  Petitioner claims that prison officials did not affix postage to his motion and it was returned to him marked "postage due"

during the week of January 28, 2013.   Petitioner provides the Court with no proof of this.

If a motion to vacate or reconsider a judgment is filed within 28 days after the entry of judgment, the Court will consider the motion under Fed. R. Civ. P. 59(e).   Alternatively, if such a motion is filed more than 28 days after the entry of judgment, the Court can construe the motion as one brought under Fed. R. Civ. P. 60(b).1   *Rice v. Ford Motor Co*., 88 F.3d 914, 918 (11th Cir. 1996).   Therefore, the Court **GRANTS** Petitioner's "Motion to File Rule 59(e) Motion Pursuant to 'Prison Mailbox' Rule" (Doc. 10) to the extent that Petitioner requests the Court to consider his Motion to Vacate Judgment.

In his Motion to Vacate, Petitioner again complains of his lack of access to the courts, a claim which he admits is currently pending in a 42 U.S.C. § 1983 action that he filed in this Court. *Daker v. Owens*, 5:12-CV-459 (CAR).   (Doc. 11 at 1).   He complains that no action has been taken by the Court in this § 1983 action.   (Doc. 11 at 1).   Petitioner concedes that he has not exhausted his state remedies, but claims, without further explanation, that the State is impeding his ability to exhaust and that the "state remedy is ineffective to protect Petitioner's rights."   (Doc. 11 at 2).   Based on these factors, Petitioner asks that the Court to reconsider its decision to dismiss his action without prejudice and instead construe his 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2254 petition and transfer the action to the United States District Court for the Northern District of Georgia.   (Doc. 11 at 2).

In his Motion to Vacate, Petitioner makes no mention of the five 28 U.S.C. § 2241 actions that he currently has pending in the United States District Court for the Northern District of

---

1 This Court recognizes three grounds to justify reconsideration of a prior order under Fed. R. Civ. P. 59(e):   "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."   *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M. D. Fla. 1998).   Under Fed. R. Civ. P. 60(b), the Court can relieve a party from a final judgment or order for:   "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief."   Whether the Court considers Petitioner's Motion to Vacate under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b) does not matter because he is not entitled to relief under either.

Georgia.   (Doc. 6 at 1 n.1).   Additionally, regardless of what this Court has, or has not, done in

his 42 U.S.C. § 1983 action, Petitioner cannot raise his lack of access to courts claim in a habeas

petition.   Finally, Petitioner's conclusory assertions, without more, do not show that the State has

impeded his ability to exhaust his state remedies regarding his conviction and sentence, both of

which were imposed less than six months ago.

This Court's dismissal of Petitioner's 42 U.S.C. § 2241 action was without prejudice.

Petitioner is free to file a 28 U.S.C. 2254 action in the Northern District of Georgia should he so

desire.   This Court, however, refuses to reconsider its decision to transfer the action to the

Northern District.

Therefore, Petitioners' Motion to Vacate Judgment (Doc. 11) is **DENIED**.

**SO ORDERED**, this 27th day of March, 2013.


S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT


lnb