# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **WASEEM DAKER,**  *Petitioner,*  v.  **Warden CARL HUMPHREY,**  *Respondent.* | **CIVIL ACTION NO. 5:12-cv-00461-TES-CHW** |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

After a de novo review of the record in this case, the Court **ADOPTS** the United States Magistrate Judge's Report and Recommendation [Doc. 34] and **MAKES IT THE ORDER OF THE COURT**. 28 U.S.C. § 636(b)(1)(C). In his Recommendation, the United States Magistrate Judge recommends that the Court deny Petitioner's Rule 60(b) motion [Doc. 32] and motions to amend [Doc. 30] [Doc. 31].[1] The Court thoroughly reviewed and considered Plaintiff's Objection [Doc. 37] to the Report and Recommendation and finds that it lacks merit. For the reasons below, the Court **DENIES** Petitioner's Rule 60(b) motion [Doc. 32] and motions to amend [Doc. 30] [Doc. 31].

---

[1] On December 11, 2012, the Court dismissed without prejudice Petitioner's 28 U.S.C. § 2241 petition. [Doc. 6]; [Doc. 8]. As noted by the magistrate judge, the Court has previously denied two rounds of post-judgment motions in 2013 and 2018. Daker is currently appealing the Court's denial of his latest round of post-judgment motions.

## DISCUSSION

A.     **Rule 60(b) Motion**

Federal Rule of Civil Procedure 60(b)(6) permits reopening a case for "any . . . reason justifying relief from the operation of the judgment." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.3d 677, 680 (11th Cir. 1984)). But "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "Such circumstances . . . rarely occur in the habeas context." *Id*. Further, a Rule 60(b)(6) motion must be made within a "reasonable time."[2] Fed. R. Civ. P. 60(b)(6). "What constitutes a reasonable time is determined by considering 'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner.'" *United States v. Harrison*, 809 F. App'x 635, 636 (11th Cir. 2020) (quoting *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008)).

In his Objection, Daker contends that he did not have access to several cases,[3] without access to a law library, that the Eleventh Circuit Court of Appeals relied upon—in a different matter concerning him—to vacate the dismissal of his procedural

---

[2] With respect to the timing of a Rule 60(b) motion, a Rule 60(b)(2) or (3) motion relying on newly discovered evidence or fraud must be made within one year of the entry of final judgment. Fed. R. Civ. P. 60(c)(1) ("[F]or reasons (1), (2), and (3)" a motion must be made "no more than a year after the entry of the judgment."). A motion under Rule 60(b)(6) must be filed within a "reasonable time." *Id*.

[3] *Krist v. Ricketts*, 504 F.2d 887 (5th Cir. 1974); *Sheley v. Dugger*, 833 F.2d 1420 (11th Cir. 1987); *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).

due process claims concerning his placement in segregation. [*Id.*, pp. 2—3]; *see Daker v. Warden*, 805 F. App'x 648, 650—51 (11th Cir. 2020) (citing *Krist v. Ricketts*, 504 F.2d 887, 887–88 (5th Cir. 1974)) (finding the district court "erred in concluding that Daker could not challenge his disciplinary segregation in a § 2254 proceeding").

The Court has already considered whether Daker's 60(b) petition could be tolled from not having access to legal materials. As the Court previously noted, Petitioner had "stretches of time in which he had unfettered access to legal materials" since 2012. [Doc. 19, p. 4]. Therefore, the Court concludes—as it had before—that Petitioner had access to a law library since 2012 and has not identified circumstances that justify his now eight-year delay in filing the instant motions. [*Id.*, pp. 3—5]. Accordingly, Petitioner's motion is untimely, and the Court **DENIES** Petitioner's Rule 60(b) motion. [Doc. 32]. Additionally, the Court again declines to exercise its discretion and denies Petitioner's motions to amend. [Doc. 30]; [Doc. 31]; *see* [Doc. 19].

B. <u>**Motion for Certificate of Appealability and Leave to Appeal In Forma Pauperis**</u>

Finally, Petitioner asks the Court to grant him a Certificate of Appealability and leave to appeal *in forma pauperis*. [Doc. 38]. The Court denies both of these requests.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). The certificate of appealability is a threshold requirement that filters from the appellate

process cases in which the possibility of reversal is "too unlikely to justify the cost for the system of a full appellate examination." *Gonzalez*, 366 F.3d at 1264. Thus, a certificate of appealability should not issue in the appeal from the denial of a Rule 60(b) motion unless Petitioner shows, at a minimum, that it is debatable among jurists of reason whether the district court abused its discretion in denying the motion. *See Mobley v. Head*, 306 F.3d 1096, 1097 (11th Cir. 2002). In this case, issuance of a certificate of appealability is not warranted, and the Court **DENIES** Petitioner's request.

Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").[4] Thus, the Court **DENIES** Daker *in forma pauperis* status on appeal.

## CONCLUSION

Therefore, the Court **ADOPTS** the Recommendation [Doc. 34] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **DENIES** Petitioner's Rule 60(b) motion [Doc. 32] and motions to amend [Doc. 30] [Doc. 31]. Further, the Court **DENIES** Petitioner's motion [Doc. 38] for a Certificate of Appealability and leave to appeal *in forma pauperis*.

---

[4] Further, Petitioner has not attached an affidavit that "shows . . . the party's inability to pay or to give security for fees and costs." Fed. R. App. P. 24(a); 28 U.S.C. § 1915. Failure to attach the necessary documents to show an inability to pay the filing fee is additional grounds for denying Petitioner *in forma pauperis* status. Further, the Court notes that Petitioner recently had a sizeable bank account. *Daker v. Head*, No. 5:14-CV-138-MTT-CHW 2019 WL 3347180 (M.D. Ga. 2019).

**SO ORDERED**, this 17th day of August, 2020.

                                          S/ Tilman E. Self, III
                                          **TILMAN E. SELF, III, JUDGE**
                                          **UNITED STATES DISTRICT COURT**